AFFIRM; Opinion Issued January 30 2013.



In The

Court of Appeals

Fifth District of Texas at Dallas

No. 05-11-01138-CV

CHERILYN GATTEN, Appellant

V.

WINDELL MCCARLEY AND TAMMY MCCARLEY, Appellee

On Appeal from the 366th District Court
Collin County, Texas
Trial Court Cause No. 366-02441-2009

## OPINION

Before Justices Bridges, Richter[1], and Lang
Opinion By Justice Richter

Cherilyn Gatten appeals the trial court's final judgment dismissing her claims against Windell McCarley and Tammy McCarley. In her sole issue, appellant contends the trial court erred by dismissing her third amended petition against appellees, Windell McCarley and Tammy McCarley, for failure to state a cause of action. For the reasons set forth herein, we affirm the judgment of the trial court.

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

## BACKGROUND

Appellant's husband, Terry Gatten, and Gary Rosser were both employed by appellees, Windell and Tammy McCarley. Rosser, Tammy McCarley's brother, also lived with the appellees. Windell McCarley invited Terry Gatten to a house-warming party at his home. Appellant alleges that prior to the party, Rosser told appellees that he intended to provoke a fight with Terry Gatten at the party. However, appellees did not inform Cherilyn or Terry Gatten of Rosser's alleged intentions. Before the Gattens arrived, Rosser allegedly assaulted an unnamed individual at the party. Appellant claims appellees knew about this assault but did nothing to remove Rosser from their home or to make the premises safe for other guests.

Once the Gattens arrived at the party, Rosser attempted to provoke a fight with Terry Gatten but Terry walked away. As Cherilyn and Terry Gatten were leaving the party, Rosser approached them from behind and struck Cherilyn in the head. Appellant alleges Rosser's blow caused her to fall backwards, strike the back of her head on the concrete floor, and lose consciousness. At this point, Terry Gatten was provoked into a fight with Rosser. After the assault on Cherilyn Gatten and the fight with Terry Gatten, appellees ordered Rosser to leave the premises. Appellant alleges that as a result of the blow to her head, her vision substantially declined and she may become totally blind.

Cherilyn Gatten filed suit against Gary Rosser, Windell McCarley, and Tammy McCarley. In her original petition, she asserted a claim against Gary Rosser for intentional assault. She asserted negligence claims against Windell and Tammy McCarley for failing

to warn of Rosser's intentions, permitting Rosser to be on the premises, and failing to require Rosser to leave the premises when the Gattens arrived. Appellant amended her petition three times. Appellees specially excepted to the first amended petition but their exception was denied. Appellees specially excepted to the second amended petition on the ground that it failed to state a cause of action and their exception was sustained with leave to amend. Cherilyn Gatten filed a third amended petition, adding claims against appellees for wanton misconduct and gross negligence. Appellees specially excepted to the third amended petition, again on the ground that it failed to state a cause of action. Appellees' special exception to the third amended petition was sustained and the causes of action against appellees were dismissed. The dismissal was incorporated into the final judgment once a default judgment was taken against the remaining defendant, Gary Rosser. This appeal followed.

## DISCUSSION

### A. STANDARD OF REVIEW

In one issue, appellant contends the trial court erred in granting appellees' special exceptions to appellant's third amended petition and dismissing the claims against appellees for failure to state a cause of action. Special exceptions may be used to challenge the sufficiency of a pleading. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998); TEX. R. CIV. P. 91. The purpose of a special exception is to compel clarification of pleadings when the pleadings are not sufficiently specific or fail to plead a cause of action. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). Generally, when the trial court sustains

special exceptions, it must give the pleader an opportunity to amend the pleadings. *See id.*; *see also County of Cameron v. Brown*, 80 S.W.3d 549, 559 (Tex. 2002). If the defect in the pleading is not corrected by the amendment and the remaining portions of the pleading fail to state a cause of action, the trial court may dismiss the case. *Ross v. Goldstein*, 203 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism'd w.o.j.).

A trial court has broad discretion in ruling on special exceptions. *See Sonnichsen*, 221 S.W.3d at 635; *see also West Orange–Cove Consol. I.S.D. v. Alanis*, 107 S.W.3d 558, 583 (Tex. 2003). A trial court's ruling on special exceptions is reversed only if there has been an abuse of discretion. *Martin v. Clinical Pathology Labs., Inc.*, 343 S.W.3d 885, 891 (Tex. App.—Dallas 2011, pet. denied); *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 876 (Tex. App.—Dallas 2005, no pet.). However, even under the abuse of discretion standard, we review the trial court's determination of legal questions de novo. *Martin*, 343 S.W.3d at 891; *Moeller v. Blanc*, 276 S.W.3d 656, 660–61 (Tex. App.—Dallas 2008, pet. denied). When a trial court dismisses a case on special exceptions for failure to state a cause of action, we review that determination of law de novo. *Filipp v. Till*, 230 S.W.3d 197, 203 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 507 (Tex. App.—Fort Worth 2001, pet. denied). We accept as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in Gatten's pleadings. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex. 1994); *City of Austin v. Houston Lighting & Power Co.*, 844 S.W.2d 773, 783 (Tex.

–4–

App.—Dallas 1992, writ denied). If a pleading does not state a cause of action, the trial court does not err in dismissing the entire case. *Pack*, 53 S.W.3d at 507; *Cole*, 864 S.W.2d at 566.

## B. APPLICABLE LAW

To prevail on her negligence causes of action, appellant was required to prove: (1) appellees owed a legal duty to appellant; (2) appellees breached that duty; and (3) the breach proximately caused appellant's injury. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists. *Trammell Crow Cent. Tex., Ltd. v. Gutierrez*, 267 S.W.3d 9, 12 (Tex. 2008); *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 598 n.5 (Tex. 2006) (quoting *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). "As a general rule, a person has no legal duty to protect another from the criminal acts of a third person or control the conduct of another." *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *see also Trammell Crow*, 267 S.W.3d at 12; *Newsom v. B.B.*, 306 S.W.3d 910, 913 (Tex. App.—Beaumont 2010, pet. denied).

Texas law has recognized limited exceptions to the general rule of non-liability. *See Newsom*, 306 S.W.3d at 913. The existence of a special relationship may impose a duty to control a third party's conduct. *Providence Health Ctr. v. Dowell*, 262 S.W.3d 324, 331 (Tex. 2008); *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000). Examples of relationships that have been recognized as giving rise to a duty to control include employer/employee, parent/child, and independent contractor/contractee. *See Greater*

*Houston*, 801 S.W.2d at 525. A defendant in control of a dangerous person may owe a duty of care to persons foreseeably exposed to danger arising from the defendant's failure to reasonably exercise his right of control. *Texas Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 38 (Tex. 2002). However, the scope of the duty is commensurate with the right of control and the extent of the danger. *Id.*

Texas courts have also determined that a party who negligently creates a dangerous situation has a duty to attempt to prevent injury to others if it reasonably appears or should appear that others in the exercise of their lawful rights may be injured thereby. *Carter v. Abbyad*, 299 S.W.3d 892, 895 (Tex. App.—Austin 2009, no pet.) (citing *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995)). "However, a mere bystander who did not create a dangerous situation generally is not required to intervene and prevent injury to others." *Id.* In determining whether appellees were under a duty, we consider several interrelated factors including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on appellees. *See Texas Home Mgmt.*,89 S.W.3d at 33; *see also Greater Houston*, 801 S.W.2d at 525.

A complaint that a property owner failed to provide adequate security against criminal conduct is ordinarily a premises liability claim. *Timberwalk Apts., Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998); *West v. SMG*, 318 S.W.3d 430, 437–38 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Premises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff as an invitee, licensee, or trespasser. *Timberwalk*, 972 S.W.2d at 753; *Taylor v. Louis*, 349 S.W.3d 729,

734 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A social guest is generally classified as a licensee, not an invitee. *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 164 (Tex. App.—Dallas 2011, no pet.); *McClure v. Rich*, 95 S.W.3d 620, 624 (Tex. App.—Dallas 2002, no pet.). A property owner has a duty not injure a licensee by willful, wanton, or grossly negligent conduct and, in cases in which the property owner has actual knowledge of a dangerous condition unknown to the licensee, to either warn the licensee of the condition or make the condition reasonably safe. *City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008); *American Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). With regard to the criminal acts of third parties, courts consider not only whether the danger was foreseeable, but also whether it was foreseeable that the danger would harm a particular plaintiff or one similarly situated. *See Taylor*, 349 S.W.3d at 734.

## C. APPLICATION OF LAW TO FACTS

Appellant attempts to avoid the general rule of non-liability by persuading this Court that appellees owed her a duty because: (1) they had control over Rosser; (2) they created the dangerous situation by inviting appellant and her husband to their home for a party where they knew Rosser would be present; and (3) they had prior knowledge of the Rosser's intentions and could have warned appellant.

### 1. Control

Although appellant notes in her pleadings that Rosser was employed by appellees, and is the brother of appellee Tammy McCarley, appellant does not contend that the existence of a special relationship between Rosser and appellees (employer/employee or

–7–

sibling) imposes a duty upon appellees to control Rosser's conduct. Instead, appellant asserts that appellees had a duty to control Rosser because they had prior knowledge of Rosser's intention to pick a fight with Terry Gatten and could have had Rosser removed from their house before the Gattens arrived at the party. Appellant does not cite any authority establishing a legal duty by social hosts to control their guests and prevent them from inflicting injury on other guests. Texas courts have declined to impose such a duty on social hosts. *See Carter*, 299 S.W.3d at 897–98; *see also Graff v. Beard*, 858 S.W.2d 918, 920–22 (Tex. 1993) (social hosts had no duty to prevent their intoxicated guests from inflicting injury on others). Given the absence of a special relationship between appellees and Rosser that imposes a duty upon appellees to control Rosser, and the lack of authority establishing a legal duty by social hosts to control their guests, we conclude appellees had no duty to control Rosser.

## 2. Creation of Dangerous Condition

Appellant also contends that by inviting appellant and her husband to their home for a party where they knew Rosser would be present, appellees created a dangerous condition from which they had a duty to protect appellant and her husband. A party who negligently creates a dangerous situation has a duty to attempt to prevent injury to others if it reasonably appears or should appear that others in the exercise of their lawful rights may be injured thereby. *Carter*, 299 S.W.3d at 895 (citing *SmithKline Beecham*, 903 S.W.2d at 353). However, the pleadings do not indicate that appellees learned of Rosser's threat prior to inviting Terry Gatten to the party at their home. Thus, the act of making the invitation did not create a dangerous situation. Considering only the evidence favorable to Cherilyn

Gatten and the reasonable inferences therefrom, we find there is no evidence that appellees created a dangerous situation by inviting the Gattens to their party, knowing that Rosser would be present at the party.

## 3. Premises Liability

Property owners owe a duty to those who may be harmed by the criminal activities of others on their property only if "the injury be of such a general character as might reasonably have been anticipated" and the injured party is "so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 551 (Tex. 1985) (quoting *Carey v. Pure Distrib. Corp.*, 133 Tex. 31, 35, 124 S.W.2d 847, 849 (1939)). Thus, we evaluate foreseeability by considering both the forseeability of the particular criminal conduct and the foreseeability that appellant or someone similarly situated would be harmed. *See Taylor*, 349 S.W.3d at 734–35. Problematically, appellant's allegations are not specific as to the nature of the risk posed, the foreseeability of the result, and the likelihood of injury. The pleadings give no indication that Rosser's stated intention should have been taken seriously. We know that Rosser and Cherilyn Gatten's husband worked together but the pleadings contain no mention of prior altercations or bad feelings between the two men. The pleadings indicate that Rosser was unsuccessful in his first attempt to provoke a fight with Terry Gatten. Even after Rosser attempted to provoke a fight, the Gattens remained at the party for another two hours, apparently without incident. There is nothing in the pleadings to suggest appellees could have foreseen that Rosser would make a second attempt to provoke a fight with Terry Gatten. Nor is there anything in the pleadings to indicate

appellees could have foreseen that Rosser would strike and cause injury to Cherilyn Gatten. Beyond general assertions that Rosser intended to provoke a fight with appellant's husband, the allegations do not set out what danger Rosser posed to others that appellees should have reasonably been aware of and taken action to prevent before he actually hit Cherilyn Gatten. There are not sufficient facts pleaded to support the imposition of a duty based on the foreseeability of Rosser's ultimate actions and the perception of the likelihood of injury to Cherilyn Gatten. *Id.*; *see also Carter*, 299 S.W.3d at 900.

## 4. Duty to Warn

Appellant also asserts that appellees had prior knowledge of Rosser's intentions and had a duty to warn her. "Generally, a person's duty to warn of a dangerous situation that the person did not create is a moral duty, not a legal one." *Newsom*, 306 S.W.3d at 916 (citing *Buchanan v. Rose*, 138 Tex. 390, 392, 159 S.W.2d 109, 110 (1942)). Superior knowledge of an unreasonable risk of harm presented by Rosser may justify imposing a duty on appellees commensurate with their control of Rosser. But foreseeability alone is not sufficient to create a duty. *SmithKline Beecham*, 903 S.W.2d at 353. In this case, appellees had no right to control the behavior of Rosser, and appellant has not identified an affirmative act by appellees that created an unreasonable and foreseeable risk of harm to appellant. Because liability for a criminal act committed by a third party cannot be based upon foreseeability alone, in the absence of control or a right of control, we hold that appellees owed no duty to prevent injury to appellant resulting from the assault committed by Rosser. Accordingly, we conclude appellees had no duty to intervene or warn appellant that Rosser intended to provoke a fight with her husband. *See Carter*, 299 S.W.3d at 895; *see also*

−10−

*Newsom*, 306 S.W.3d at 916.

## CONCLUSION

For the reasons above, we conclude the trial court did not err in granting appellees' special exceptions to appellant's third amended petition and dismissing the claims against appellees for failure to state a cause of action. We affirm the judgment of the trial court.


_____
MARTIN RICHTER
JUSTICE

111138F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHERILYN GATTEN, Appellant

No. 05-11-01138-CV      V.

WINDELL MCCARLEY AND TAMMY
MCCARLEY, Appellees

Appeal from the 366th District Court of
Collin County, Texas. (Tr.Ct.No. 366-
02441-2009).
Opinion delivered by Justice Richter,
Justices Bridges and Lang participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**. It is **ORDERED** that appellees WINDELL MCCARLEY AND TAMMY
MCCARLEY recover their costs of this appeal from appellant CHERILYN GATTEN.


Judgment entered January 30, 2013.



MARTIN RICHTER
JUSTICE