**Opinion issued October 17, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00674-CV

————————————

**CODY TROSCLAIR, Appellant**

**V.**

**ANTHONY AND KAREN MCMILLAN, Appellees**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 1113640**

---

### MEMORANDUM OPINION

In this premises liability case, appellant, Cody Trosclair, appeals the trial court's grant of no-evidence summary judgment in favor of appellees, Anthony and Karen McMillan. In four issues, Trosclair argues that (1) the McMillans produced no competent summary judgment evidence to establish that he was a

trespasser at the time of his injury; (2) the McMillans' use of deposition excerpts was improper and thus should not have been considered competent summary judgment evidence; (3) the trial court erred in granting the McMillans' motion for summary judgment because they "brought forth the affirmative defense that [Trosclair] was a trespasser for the first time in the motion for summary judgment"; and (4) his summary judgment evidence raised a fact question as to his status at the time he entered the McMillans' property, precluding summary judgment.

We affirm.

## Background

In March 2009, Trosclair traveled to the residence of Amy Easterling for a party. During the party, Trosclair ventured over to the yard of the McMillans, Easterling's neighbors, to jump on their trampoline. Trosclair obtained entrance to the McMillans' property via a gate between the fences surrounding both properties. After his friends had jumped upon the trampoline, Trosclair decided to attempt a few back flips on the device. Subsequently, Trosclair ripped through the trampoline, injuring himself and resulting in the personal injury suit at issue.

Trosclair filed a premises liability suit against the McMillans, asserting that the trampoline constituted an unreasonably dangerous condition. The McMillans subsequently filed a no-evidence motion for summary judgment, contending that

2

there was no evidence that they had breached a duty to Trosclair. Specifically, they argued that Trosclair was a trespasser and that he presented no evidence that they injured him willfully, wantonly, or through gross negligence. Alternatively, they argued that, even if Trosclair could be considered a licensee, he presented no evidence that they knew that the trampoline was a dangerous condition. The McMillans attached excerpts of Trosclair's deposition testimony to their motion.[1]

Trosclair responded to the motion and presented his affidavit, which he alleged set forth material facts concerning the McMillans' duty, breach, causation, and damages. Trosclair argued that the McMillans produced "no competent summary judgment evidence that establishes that [he] was a trespasser at the time of his injury" because their motion "contains exhibits that would be inadmissible at trial." He specifically argued that the McMillans could not use the deposition excerpts because a party relying upon unfiled discovery products must file a statement of intent pursuant to Rule of Civil Procedure 166a(d) and because they failed to include a copy of the verification page signed by the court reporter with

---

[1] In these excerpts, Trosclair testified to the following facts, among others: he did not know the McMillans and had never spoken to them; he entered their yard through an unlocked gate in the fence between the McMillans' and the Easterlings' property; Amy Easterling had told someone in their group that it was okay to enter the McMillans' property; Trosclair did not have any knowledge regarding the arrangement between the McMillans and the Easterlings for the use of the McMillans' property; the only permission Trosclair received was from Easterling, not from the McMillans, who were not home at the time of the accident; he did not have any evidence or reason to believe that the trampoline was dangerous at the time he jumped on it; and he did not have any evidence that the McMillans knew or had reason to suspect that the trampoline was dangerous.

3

the photocopied excerpts. He also argued that the McMillans could not "bring forth the affirmative defense that [he] was a trespasser for the first time in their motion for summary judgment."

Finally, Trosclair argued that he had raised at least a scintilla of evidence showing that he had the McMillans' implied consent to enter their property. As supporting evidence, he attached his affidavit in which he stated the following:

> On March 8, 2009, I was a guest at Amy Easterling's house. Amy Easterling had permission to enter the Defendant's property. Amy Easterling was aware that her boyfriend, myself, and a group of people were going to jump on the McMillan's trampoline. Amy Easterling never objected to us going through the adjoining gate onto the Defendants' property to jump on the trampoline.

He did not present any other arguments or evidence regarding the trampoline accident or the other elements of his premises liability claim.

The trial court granted the McMillans' no-evidence motion for summary judgment and dismissed Trosclair's cause of action.

**Standard of Review**

We review de novo the trial court's grant of summary judgment. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We must make inferences, resolve doubts, and view the evidence in the light most favorable to the non-movant. *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). A no-evidence summary judgment motion asserts that no evidence exists as to at least one essential element of the non-movant's claims on which the non-

4

movant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Bendigo v. City of Houston*, 178 S.W.3d 112, 114 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70–71 (Tex. App.— Austin 1998, no pet.)). The trial court must grant the motion unless the non-movant produces summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

### The McMillans' No-Evidence Motion for Summary Judgment

In his fourth issue, Trosclair argues that the trial court erred in granting no-evidence summary judgment in favor of the McMillans because he presented evidence raising a fact issue as to his status at the time he entered the McMillans' property. He again points to his affidavit filed in response to the McMillans' summary judgment motion, in which he averred that Amy Easterling had permission to enter the McMillans' property, that she knew he and a group of other guests entered the McMillans' property, and that she never objected onto his entry to that property. He argues that "[t]his affidavit alone, when reviewed in a light most favorable to [him], should have raised enough of a fact question as to his status or permission to enter [the McMillans'] property to warrant the denial of a summary judgment." We disagree.

5

Trosclair asserted a premises liability cause of action against the McMillans, alleging that the trampoline constituted an unreasonable and dangerous condition. To prevail on this claim, Trosclair had to establish the existence of a legal duty owed by the McMillans to him, a breach of that duty, and damages proximately resulting from the breach. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *West v. SMG*, 318 S.W.3d 430, 437 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Specifically, he also had to establish (1) "actual or constructive knowledge of some condition on the premises" by the McMillans that (2) "posed an unreasonable risk of harm"; (3) the McMillans failed to "exercise reasonable care to reduce or eliminate the risk"; and (4) this failure proximately caused his injuries. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

Furthermore, the duty owed by the defendant to the plaintiff in a premises liability case depends upon the status of the plaintiff at the time the injury occurred, e.g., whether the plaintiff was a trespasser, licensee, or invitee. *See Urena*, 162 S.W.3d at 550; *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909–10 (Tex. App.—Houston [14th Dist.] 2009, no pet.). An invitee is one who enters land with the owner's knowledge and for the mutual benefit of both. *Mayer*, 278 S.W.3d at 909. "A licensee enters and remains on land with the owner's consent and for the licensee's own convenience, or on business with someone other than the owner." *Id.* at 910. Absent a relationship that inures to the

mutual benefit of the owner and the plaintiff, the plaintiff is a licensee. *Id.*; *see also Gatten v. McCarley*, 391 S.W.3d 669, 675 (Tex. App.—Dallas 2013, no pet.) ("A social guest is generally classified as a licensee, not an invitee."). "A trespasser enters another's property without lawful authority, permission, or invitation." *Mayer*, 278 S.W.3d at 910.

A property owner's duty to invitees extends only to the duty to reduce or eliminate an unreasonable risk of harm created by his activity on the premises. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). "An owner or occupier of land must use reasonable care to protect an invitee from known conditions that create an unreasonable risk of harm and conditions that should be discovered by the exercise of reasonable care." *Mayer*, 278 S.W.3d at 910; *see CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). The owner or occupier "must refrain from injuring a licensee willfully, wantonly, or through gross negligence; the owner or occupier who has actual knowledge of a dangerous condition unknown to the licensee must warn of or make safe the dangerous condition." *Mayer*, 278 S.W.3d at 910. But the only duty owed to a trespasser is the duty not to cause injury "willfully, wantonly, or through gross negligence." *Id.*

In their no-evidence motion, the McMillans argued that Trosclair was a trespasser and that he presented no evidence that the McMillans injured him willfully, wantonly, or through gross negligence. Alternatively, they argued that

even if Trosclair could be considered a licensee, he presented no evidence that the McMillans knew that the trampoline was a dangerous condition. Thus, the McMillans argued that Trosclair presented no evidence that they breached any duty that they owed to him.

Trosclair argues that his affidavit established for summary judgment purposes that he had Amy Easterling's permission to enter the property, and, thus, he was essentially a social guest on the McMillans' property, making him an licensee. *See Gatten*, 391 S.W.3d at 675 (holding that social guest is generally classified as licensee); *see also Mayer*, 278 S.W.3d at 910 (holding that someone who enters property on business with someone other than owner is licensee). However, even assuming that Trosclair was a licensee, Trosclair failed to produce any evidence that the McMillans breached the duty they owed to him as a result. The McMillans had a duty not to injure a licensee by willful, wanton, or grossly negligent conduct and, in cases in which they had actual knowledge of a dangerous condition unknown to the licensee, they had a duty to either warn the licensee of the condition or make the condition reasonably safe. *See Mayer*, 278 S.W.3d at 910. In his affidavit, Trosclair did not identify any willful, wanton, or grossly negligent conduct by the McMillans, nor did he state that they had actual knowledge of the dangerous condition. He did not provide any other evidence in response to the McMillans' assertion in their no-evidence motion for summary

8

judgment that there was no evidence that they injured him willfully, wantonly, or through gross negligence or that they knew that the trampoline was a dangerous condition.

Thus, Trosclair failed to meet his burden to produce summary judgment evidence that raised a genuine issue of material fact on the issues specifically raised in the McMillans' no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i); *Grant*, 73 S.W.3d at 215. We conclude that the trial court did not err in granting the McMillans' motion and dismissing Trosclair's claim. *See* TEX. R. CIV. P. 166a(i) (providing that trial court must grant no-evidence motion unless non-movant produces summary judgment evidence that raises genuine issue of material fact).

We overrule Trosclair's fourth issue.

### Summary Judgment Evidence

In his first and second issues, Trosclair contends that the McMillans' summary judgment evidence contained exhibits, such as Trosclair's deposition excerpts, that were not competent summary judgment evidence. However, as we noted in the statement of the standard of review above, the burden to produce evidence fell on Trosclair, not on the McMillans as the party moving for no-evidence summary judgment. *See* TEX. R. CIV. P. 166a(i) (providing that party, "without presenting summary judgment evidence," may move for summary

judgment on no-evidence grounds and must state elements as to which there is no evidence; trial court must grant such motion unless respondent produces summary judgment evidence raising genuine issue of material fact).

In light of our holding that the trial court did not err in granting the no-evidence motion based on Trosclair's failure to produce more than a scintilla of evidence, these arguments are moot.

We overrule Trosclair's first and second issues.

**Affirmative Defense**

In his third issue, Troclair contends that the trial court erred in granting summary judgment because the McMillans failed to specifically plead his status as a trespasser as an affirmative defense pursuant to Rule of Civil Procedure 94. As we discussed above, the plaintiff's status as a trespasser, licensee, or invitee is relevant to establishing the duty owed to him by the property owner. *See Urena*, 162 S.W.3d at 550. Thus, Trosclair's status was not an affirmative defense, and he presents no authority supporting his contention that it is. *See Williams v. Bill's Custom Fit, Inc.*, 821 S.W.2d 432, 434 (Tex. App.—Waco 1991, no writ) (addressing argument that defendant failed to plead trespass as affirmative defense; stating, "However, trespass is not an affirmative defense, but instead establishes a duty of care owed by the defendant"; and concluding that plaintiff's complaint

10

could not be considered as ground for reversal of summary judgment because he failed to complain of any pleading defect).

We overrule Trosclair's third issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.