

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00464-CV

Mark **DAVIS**,
Appellant

v.

**MIDDLE BOSQUE PARTNERS, LP** and Highland Coryell Ranch, LLC,
Appellees

From the 13th Judicial District Court, Navarro County, Texas
Trial Court No. D12-21464-CV
Honorable James E. Lagomarsino, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  April 9, 2014

REVERSED AND REMANDED

Mark Davis appeals the trial court's judgment granting a plea to the jurisdiction and motion to dismiss filed by Middle Bosque Partners, LP and Highland Coryell Ranch, LLC. Davis contends the trial court erred because his petition provided fair notice of his cause of action which constituted a justiciable controversy under the Declaratory Judgments Act. Davis further contends the trial court erred in awarding attorney's fees to Middle Bosque and Highland. We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

## BACKGROUND

Davis owned a 50% limited partnership interest in Middle Bosque when Middle Bosque sold the property it owned in 2004. Davis also owned a 40% membership interest in Highland which he sold to the other member in 2005.

On July 25, 2012, Davis filed the underlying lawsuit seeking a declaration that he is entitled to access all of the books and records of Middle Bosque and Highland for the period of time in which he was a partner and member. Davis alleged that he had requested access to those books and records "[i]n order to fully understand and analyze the transactions and financial implications" of those transactions. Davis further alleged that Middle Bosque and Highland refused to provide him with access to the books and records.

Middle Bosque and Highland filed special exceptions asserting that no facts were alleged that would establish a justiciable controversy. The trial court granted the special exceptions and ordered Davis to amend his petition. Davis did not amend his petition within the time provided. Middle Bosque and Highland then filed a plea to the jurisdiction and motion to dismiss, alluding to the trial court's order granting the special exceptions and again asserting the absence of a justiciable controversy.[1] After a hearing on the plea, the trial court signed a final judgment, granting the plea to the jurisdiction and motion to dismiss.

## STANDARD OF REVIEW

A trial court has broad discretion in ruling on special exceptions, and its ruling is reviewed under an abuse of discretion standard. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); *Gatten v. McCarley*, 391 S.W.3d 669, 673 (Tex. App.—Dallas 2013, no pet.). Even under

---

[1] The plea to the jurisdiction also alludes to various affirmative defenses; however, affirmative defenses are pleas in bar which do not affect the trial court's jurisdiction and should be raised in a summary judgment motion or at trial. *In re K.M.T.*, 415 S.W.3d 573, 575-76 (Tex. App.—Texarkana 2013, no pet.).

an abuse of discretion standard, however, we review the trial court's determination of legal questions de novo. *Gatten*, 391 S.W.3d at 673. "When a trial court dismisses a case on special exceptions for failure to state a cause of action, we review that determination of law de novo." *Id*. at 673-74; *see also Perry v. Cohen*, 285 S.W.3d 137, 142 (Tex. App.—Austin 2009, pet. denied). Similarly, we review a trial court's order granting a plea to the jurisdiction de novo. *Presidio Ind. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010).

## "FAIR NOTICE" STANDARD

"Texas follows a 'fair notice' standard for pleading." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim." *Id*. at 897. "Fair notice under the rules is met if an opposing attorney can ascertain the nature and the basic issues of the controversy from the pleadings." *Hays Cnty. v. Hays Cnty. Water Planning P'ship*, 69 S.W.3d 253, 258 (Tex. App.—Austin 2002, no pet.). "We liberally construe pleadings; special exceptions are only a challenge to determine if 'fair notice' requirements have been met." *Aldous v. Bruss*, 405 S.W.3d 857, 857 (Tex. App.—Houston [14th Dist.] 2013, no pet.). All material factual allegations and all factual statements reasonably inferred from the allegations set forth in the pleading are accepted as true. *Gatten*, 391 S.W.3d at 674; *Perry*, 285 S.W.3d at 142.

## JUSTICIABLE CONTROVERSY

A person whose rights are affected by a statute or contract may have a trial court determine any question arising under the statute or contract and obtain a declaration of the person's rights thereunder. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West 2008). A declaratory judgment is appropriate if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.3d 465, 467 (Tex. 1995). "To constitute a justiciable controversy, there must exist a real and

substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Id*. (internal citations omitted).

## ANALYSIS

Section 3.151 of the Texas Business Organizations Code sets forth a general list of the books and records each filing entity must keep, and section 3.153 provides that each owner or member of a filing entity may examine the books and records required to be maintained under section 3.151 "and other books and records of the filing entity to the extent provided by the governing documents of the entity and the title of this code governing the filing entity." TEX. BUS. ORGS. CODE ANN. §§ 3.151, 3.153 (West 2012); *see also Fish v. Tex. Legis. Serv.*, No. 03-10-00358-CV, 2012 WL 254613, at *9 (Tex. App.—Austin Jan. 27, 2012, no pet.) (examining partnership agreement which provided greater access to books and records than required by statute) (mem. op.). The term "filing entity" is defined to include limited partnerships and limited liability companies. *Id*. at § 1.002(22) (West. Supp. 2013). Sections 101.502 and 153.552 of the Code contain more specific provisions regarding the rights of a member of a limited liability company and of a partner in a limited partnership to examine the entity's books and records. *Id*. at §§ 101.502, 153.552 (West 2012).

In his petition, Davis alleged that he requested access to the books and records of Middle Bosque and Highland for the period of time in which he was a partner and member of those entities. Davis further alleged that the entities refused to provide him with access. Based on the arguments made in the plea to the jurisdiction and at the hearings held by the trial court, the crux of the dispute between the parties is whether the Code and the governing documents of the entities allowed Davis on-going access to the entities' books and records for the period of time he was a member and partner even after he ceased to be a member and partner. This was a real and substantial controversy between the parties about Davis's rights to examine the books and records, and the

nature and the basic issues of the controversy could be ascertained from Davis's petition. Accordingly, the trial court erred in granting the special exceptions and the plea to the jurisdiction because the pleadings provided fair notice of Davis's claim, and a declaration of Davis's rights, if any, to examine the books and records would resolve the controversy. *See Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 896-97; *Bonham State Bank*, 907 S.W.3d at 467; *Hays County*, 69 S.W.3d at 258.

In their brief, Middle Bosque and Highland argue that Davis's claim for declaratory relief was improper because Davis could have sought access to the books and records by filing a mandamus or a Rule 202 deposition. The existence of another adequate remedy, however, does not bar the right to maintain an action for declaratory judgment. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). Because Davis sought a declaration of his rights to examine the books and records arising under the Code and under the governing documents of the entities, Davis properly pled an action for declaratory judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West 2008).

## CONCLUSION

Because we hold the trial court erred in granting the plea to the jurisdiction and dismissing the underlying cause, we also reverse the award of attorney's fees. *See Friedman v. Atlantic Funding Corp.*, 936 S.W.2d 38, 42 (Tex. App.—San Antonio 1996, no writ). The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice