**AFFIRM; and Opinion Filed January 26, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00163-CV

**CASEY ANN WEBER, Appellant**

**V.**

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND SCOTT HOWARD, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-04287**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Schenck

Casey Ann Weber[1] appeals a trial court's order dismissing her claims with prejudice. In two issues, Weber contends the trial court erred in granting appellees' special exceptions to her first amended petition and dismissing her claims against appellees Progressive County Mutual Insurance Company ("Progressive") and Scott Howard. We affirm the trial court's order. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On October 30, 2013, Weber was driving a car insured under an automobile liability policy issued by Progressive when her car collided with another car. Weber sustained serious bodily

---

[1] Weber's name on the insurance policy in the record reads "Casey Webber," and Weber's original petition names her as "Casey Arin Weber." However, because "Casey Ann Weber" is how Weber's name appears on the dismissal order and notice of appeal, we will refer to her throughout this opinion as "Weber."

injuries as a result of the accident. With Progressive's consent, she settled her claim with the driver of the other car for the $30,000 policy limit of the other driver's automobile liability policy. Weber then made a demand for the entire $100,007 of the limits of her underinsured motorist ("UIM") provision of her policy with Progressive, claiming over $150,000 in medical expenses. Progressive offered Weber $30,000 to settle her claim, which Weber rejected.

On April 13, 2016, Weber sued Progressive and Howard, a claim representative with Progressive, for breach of contract and for violations of the Texas Insurance Code by engaging in unfair methods of competition and unfair or deceptive acts or practices in the handling of Weber's UIM claim. Progressive and Howard filed an answer that included two special exceptions. First, they asserted Weber's causes of action were barred because she failed to state a viable cause of action, arguing that her stated claim of the "exhaustion doctrine" was not recognized in Texas and that her claims were premature until she obtained a judgment establishing the liability of the other driver and the amount of her damages in accordance with *Brainard v. Trinity Universal Insurance Co.*, 216 S.W.3d 809 (Tex. 2006). Second, they asserted Howard was not a proper party to the suit because he is not a party to the written contract on which Weber sued and because she failed to assert a viable cause of action for individual liability against Howard. In response, Weber moved to strike the special exceptions.

On February 13, 2017, the trial court conducted a hearing at which the trial court sustained the special exceptions and denied Weber's motion to strike. The trial court gave Weber an opportunity to amend her petition, but she refused. Later that day, the trial court signed an order sustaining the special exceptions, denying Weber's motion to strike, and dismissing Weber's claims with prejudice on the grounds that Weber failed to state a viable cause of action and that her claims for breach of contract were premature under *Brainard*.

## STANDARD OF REVIEW

Special exceptions may be used to challenge the sufficiency of a pleading. *Gatten v. McCarley*, 391 S.W.3d 669, 673 (Tex. App.—Dallas 2013, no pet.). The purpose of a special exception is to compel clarification of pleadings when the pleadings are not sufficiently specific or fail to plead a cause of action. *Id.* Generally, when the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleadings. *Id.* If the defect in the pleading is not corrected by the amendment and the remaining portions of the pleading fail to state a cause of action, the trial court may dismiss the case. *Id.*

A trial court has broad discretion in ruling on special exceptions. *Id.* A trial court's ruling on special exceptions is reversed only if there has been an abuse of discretion. *Id.* However, even under the abuse of discretion standard, we review the trial court's determination of legal questions de novo. *Id.* When a trial court dismisses a case on special exceptions for failure to state a cause of action, we review that determination of law de novo. *Id.* at 673–74. We accept as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in Weber's pleadings. *Id.* at 674. If a pleading does not state a cause of action, the trial court does not err in dismissing the entire case. *Id.*

## DISCUSSION

We construe Weber's first issue to challenge the trial court's decision to sustain the special exception that Weber's claims for breach of contract under the insurance policy were premature. To state a cause of action for breach of contract, a plaintiff must assert the existence of a valid contract between the parties, performance or tendered performance by the plaintiff, the defendant's breach of the contract, and resulting damages sustained by the plaintiff. *See Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 131 (Tex. App.—Dallas 2014, no pet.).

Weber attempts to distinguish *Brainard*'s holdings as inapplicable to her issue of whether her claims for breach of contract were premature. In *Brainard*, the supreme court discussed whether an insured was entitled to recover attorney's fees on her contract claim against the UIM insurer. *Brainard*, 216 S.W.3d at 818. The *Brainard* court initially noted that the issue turned on the requirement that payment for the amount owed must not have been tendered before the expiration of the 30th day after the claim is presented. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 38.002(3). The supreme court reasoned that the essential element to recovery of attorney's fees under Chapter 38 in a suit based on contract is the existence of a duty or obligation which the opposing party has failed to meet. *Id.* The supreme court then concluded that the insured had failed to present a contract claim where the insured had not obtained a judgment against underinsured motorist prior to suing insurer for UIM benefits. *Id.* A "UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Id.* "[N]either a settlement with nor an admission of liability from the underinsured motorist establishes UIM coverage, because a jury could find that the underinsured motorist was not at fault or award damages that do not exceed the [underinsured motorist's] liability insurance." *See id.*; *see also Great Am. Ins. Co. v. Hamel*, 525 S.W.3d 655, 666–67 (Tex. 2017) (holding insurer not bound to amounts established between insured and insured's assignee absent full adversarial trial).

Weber's petition did not assert she had obtained a judgment against the other driver. Thus, she failed to establish the existence of a duty or obligation to which Progressive or Howard failed to meet. Accordingly, the trial court did not abuse its discretion when it sustained the special exceptions that Weber's claims for breach of contract were premature. We overrule Weber's first issue.

Next, we address Weber's second issue, in which she contends that the trial court erred by sustaining the special exception that Weber's pleadings failed to state a claim on which relief could be granted. Weber alleged two types of claims against Progressive and Howard: breach of contract and violations of the insurance code. We have already concluded the trial court did not abuse its discretion sustaining the special exceptions regarding Weber's claims for breach of contract.

Weber's petition asserted claims that Progressive and Howard had violated the insurance code in the following ways:

> 1. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;
>
> 2. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
>
> 3. Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; and
>
> 4. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim.
>
> 5. Requiring Weber to file a lawsuit to have Progressive and Howard comply with their contractual duties to: 1) investigate; 2) evaluate Weber's UIM claim; and 3) accept or reject Weber's UIM claim in accordance with the terms and conditions of the insurance contract at issue.

*See* TEX. INS. CODE ANN. § 541.060 (a)(2)(A), (3), (4), (7). Her petition further states that she "made a demand for her entire $100,007.00 of UIM bodily injury limits" and that Progressive and Howard had responded with a "top offer [of] $30,000.00." Moreover, her petition relies on "the exhaustion doctrine" to establish the basis of her complaint that Progressive and Howard violated the insurance code.

Citing authority from other jurisdictions, Weber argues that under the exhaustion doctrine, a UIM claimant can show that he or she is legally entitled to UIM bodily injury benefits by 1) agreement by insurer with insured; 2) providing the insurer with a judgment of damages by legal

proceeding; or 3) settlement or judgment exhausting the policy limits of all liability policies. Weber readily concedes that this doctrine has not been recognized to this point in Texas, but urges its application here. As discussed above, the supreme court has already concluded that a settlement is not sufficient to impose contractual liability on a UIM insurer to pay benefits, and adoption of urged doctrine would directly conflict with that authority. *Brainard*, 216 S.W.3d at 818. Whatever the virtues of a contrary rule might be, as an intermediate court, we are bound to follow the rule laid down in *Brainard* unless and until the supreme court reconsiders or revises it. *See Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 666 (Tex. 2008). Accordingly, the trial court did not err by sustaining the special exception that Weber's pleadings failed to state a claim on which relief could be granted.

As for any claim the trial court erred by dismissing Weber's claims, when given an opportunity to amend, she refused. Accordingly, the trial court did not err in dismissing her claims. *See Gatten*, 391 S.W.3d at 673–74.

## CONCLUSION

We affirm the trial court's order.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

170163F.P05

–6–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CASEY ANN WEBER, Appellant

No. 05-17-00163-CV     V.

PROGRESSIVE COUNTY MUTUAL
INSURANCE COMPANY AND SCOTT
HOWARD, Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-04287.
Opinion delivered by Justice Schenck,
Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and SCOTT HOWARD recover their costs of this appeal from appellant CASEY ANN WEBER.

Judgment entered this 26th day of January, 2018.