

# NUMBER 13-21-00007-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF R.N.F., A CHILD

**On appeal from the 148th District Court
of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Benavides**

Pro se appellant R.S. III (Richard)[1] appeals from the trial court's order granting appellee the Office of the Attorney General's (OAG) motion to dismiss. In three issues, Richard argues the trial court erred by: (1) dismissing his case when the parties privately agreed that no child support was owed, in violation of Article I, § 16 of the Bill of Rights of the Texas Constitution; (2) requiring him to pay child support when the State of Texas is

---

[1] On our own motion, we identify appellant by a fictitious name. *See* TEX. FAM. CODE ANN. § 109.002(d).

the true obligor; and (3) ordering him to pay child support using United States currency. We affirm.

## I. BACKGROUND

On August 21, 2008, the trial court signed an order establishing the parent-child relationship between Richard and R.N.F. According to the order, no child support was ordered due to Richard's incarceration. R.N.F.'s mother and Richard were named as joint managing conservators.

On July 14, 2011, a modified order was entered compelling Richard to pay $242 in child support and $43 in cash medical support each month. On October 13, 2017, the OAG filed suit to modify child support and confirm Richard's support arrearages. On December 18, 2017, the trial court entered judgment in favor of the OAG and confirmed Richard owed child support arrearages in the amount of $10,583.92 and owed medical support arrearages in the amount of $2,706.32. The order increased Richard's monthly child support and medical support payments to ensure he made payments towards his arrearages.

On August 19, 2020, Richard filed a pro se motion to terminate support, in which he "demand[ed] th[e] case be terminated with prejudiced [sic] on the merits[,] that there is no longer controversy and the Petitioner wrongfully named and/or identified [the] wrong Defendant, and in doing so disestablish[ed] this court['s] jurisdiction[,] making all prior orders null and void."[2]

---

[2] We note that, although the mother of R.N.F. was a party to prior proceedings in this case, the record bears no indication that she received notice or waived notice of Richard's motion to terminate support. *See* TEX. FAM. CODE ANN. § 102.009(a)(1).

2

Richard referred to a request for child support services as an "unconscionable contract" and implied that payment of child support constituted a loan of sorts. The main thrusts of Richard's motion were: (1) that the State of Texas is the father of R.N.F. under the doctrine of *parens patriae* and is obligated to make child support payments; and (2) that by requiring Richard to pay child support using "Federal Reserve Notes," the trial court had perpetuated "fraud and intentional misrepresentation or concealment of a material fact, with an intent to deceive." Richard's requested relief was the termination of his child support obligation.

The OAG filed a Rule 91a motion to dismiss and special exceptions on October 9, 2020. Along with alleging that Richard's motion had no basis in law or fact, the OAG listed eight special exceptions, specifically requesting Richard be ordered to plead:

1.     The level of discovery;

2.     A viable cause of action and cause of action elements;

3.     The identity of the parties to the case;

4.     An articulable reason as to why the prior orders were void and whether his motion attacking the orders is timely;

5.     What specific contractual relationship exists, and the elements of the cause of action he is alleging;

6.     What makes any contract he alleges exists unconscionable;

7.     The legal purpose of the loan he referred to in his motion, including any cause of action he is alleging exists; and

8.     The specific "material misrepresentation which was false and known to be false when made or asserted, along with who made the false representation, how . . . the material representation [was] relied on, who relied on" it, and what injury was caused.

3

On October 23, 2020, the trial court signed an order sustaining all eight of the OAG's special exceptions and gave Richard until November 11, 2020, to replead and cure these defects. If Richard failed to properly replead, the order stated that "the Court will strike each defective paragraph and further reserves the right to [d]ismiss the Motion to Terminate." Richard filed an amended motion to terminate on October 30, 2020, but still did not plead, among other things, a level of discovery or the identity of the parties.

The trial court held a hearing on November 18, 2020, during which the OAG argued Richard had not properly complied with the October 23 order and urged the trial court to dismiss the matter. When asked by the trial court to respond to the OAG's request, Richard stated that he had attached a new exhibit to his amended motion, but argued, "I'm only here for you to adopt this agreement, this private agreement, sir. I'm not here to bring controversy to your courts, to argue, [or] to discuss anything other than my motions." The trial court took the matter under advisement. On November 20, 2020, the trial court signed an order granting the OAG's Rule 91a motion and dismissing Richard's claims "with prejudice."

On December 10, 2020, Richard filed an objection to the order granting the OAG's motion to dismiss

> on the grounds that this court cannot deny [the] remedy provided in the terms agreed upon in the private agreement filed in this [court]. The Uniform Commercial Codes governing said private agreement are 3.501, [.]502, [.]503, [.]504, and [.]505 (UCC 1-202) (UCC 3-505), not the TEXAS RULES OF CIVIL PROCEDURES [sic] quoted by the acting Attorney and Judge.

Richard's objection requested that the court adopt the "private agreement," and thus extended his deadline to appeal. *See* Tex. R. Civ. P. 329b(g); *Lane Bank Equip. Co. v.*

4

*Smith S. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000) ("[A] motion seeking a substantive change will extend the appellate deadlines . . . ."). On December 17, 2020, the trial court overruled Richard's objection.

This appeal followed.[3]

## II.    DISMISSAL OF CAUSE

### A.    Applicable Law & Standard of Review

We construe liberally pro se pleadings and briefs. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). However, our liberal construction has limits; we expect pro se litigants to comport themselves in the same manner as a licensed attorney, and we require them to comply with applicable laws and rules of procedure. *Id.* To hold otherwise would give pro se litigants an unfair advantage over litigants represented by attorneys. *Id.* at 212. The law is well-established that, "to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention[s] made with appropriate citations to authorities and the record." *Id.* (citing TEX. R. APP. P. 38.1).

Although special exceptions are generally used to force the clarification of vague pleadings, they may also be used to determine whether a cause of action has been

---

[3] On July 12, July 19, July 29, August 2, and August 11, 2021, Richard attempted to file a brief that did not comply with the Texas Rules of Appellate Procedure. After each attempt, we informed Richard by letter that his brief did not comply with the Texas Rules of Appellate Procedure and asked him to file a compliant brief. Richard filed his final brief, and the one that we analyze in this opinion, on August 23, 2021.

We detail this procedural history only to demonstrate that we have provided Richard with ample opportunity to correct procedural defects and present this case to the Court. *See* TEX. R. APP. P. 38.9, 44.3; *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019).

pleaded. *Cerda v. RJL Ent., Inc.*, 443 S.W.3d 221, 225 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied). Generally, when the trial court sustains special exceptions, it must provide the pleader with an opportunity to amend his pleadings. *Gatten v. McCarley*, 391 S.W.3d 669, 673 (Tex. App.—Dallas 2013, no pet.) (citing *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007)). If the defect is not cured by an amended pleading and the remaining portions of the pleading fail to state a cause of action, the trial court may dismiss the case. *Id.*

**B.    Analysis**

Richard lists one of the issues before this Court as "[w]hether the trial court erred when making the ruling to dismiss the Appellant['s] motion to terminate when all parties privately agreed no support is owed pursuant to Article I section 16 of the Bill of Rights of the Texas Constitution." This is the extent to which Richard challenges the trial court's dismissal of his motion to terminate support. *See* TEX. R. APP. P. 38.1(i). Richard dedicates the substance of his brief to reiterating the amended motion to terminate he filed in the trial court and does not cite any case law in support of his contention that the trial court erred in dismissing his suit. *See id.*; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint."). Thus, this issue has been waived.[4]

---

[4] We note that Rule 91a states: "*Except in a case brought under the Family Code* . . . a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1 (emphasis added). Richard has not challenged the propriety of the trial court's dismissal of his cause under Rule 91a. And we may not address an issue that Richard has not asserted or briefed. *See Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990) (per curiam); *La China v. Woodlands Operating Co.*, 417 S.W.3d 516, 522 (Tex. App.—Houston [14th Dist.] 2013, no pet.). When "an appellant argues an inconsequential ground

Richard's remaining issues are also not properly before us, as neither addresses the trial court's order dismissing his motion; instead, they address the modified child support order that was entered several years ago and which is no longer subject to appeal. *See* TEX. R. APP. P. 25.1(b); *State Off. of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 427 n.2 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied) ("[E]ven void orders must be timely appealed.").

Therefore, we overrule the issues Richard raises on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES<br>
Justice

Delivered and filed on the
28th day of April, 2022.

---

while overlooking error in the controlling issue in the case, the error in the controlling issue is waived." *Cole v. Hall*, 864 S.W.2d 563, 566 n.4 (Tex. App.—Dallas 1993, writ. dism'd w.o.j.).