**ALPHA GUARD, INCORPORATED, Petitioner,**

v.

**CALLAHAN CHEMICAL COMPANY, Respondent.**

No. 12723.

Court of Civil Appeals of Texas, Austin.

June 21, 1978.

Shirley Meissner Arend, Austin, for petitioner.

Bernard J. Buecker, Juarez, Camacho & Phillips, Austin, for respondent.

SHANNON, Justice.

This cause is in this Court by writ of error from a default judgment for $13,900 entered by the district court of Travis County against petitioner Alpha Guard, Incorporated. Respondent is Callahan Chemical Company. The issue is whether the district court obtained jurisdiction of petitioner by substituted service of process on the Secretary of State in accordance with Tex.Rev.Civ.Stat.Ann. art. 2031b (1964).

In its trial petition respondent pleaded that petitioner " . . . is a corporation headquartered in Chicago, Illinois, at P.O. Box 7482, and doing business in Texas. Defendant's [petitioner's] agent for process in Chicago, Illinois is Edgar A. Blumenfeld, 69 W. Washington St., Chicago, Illinois, 60602. Defendant [petitioner] corporation has no

registered agent in this state, so service of process can be had through the Texas Secretary of State. Tex.Bus.Corp.Act Ann. art. 8.09(B) (1956) and Tex.Rules Civ.Proc. 108."

Petitioner made no appearance, and on February 2, 1977, the district court entered the default judgment. The judgment recited that petitioner " . . . though duly served with process, failed to appear or answer in its behalf and has defaulted." Because the writ of error is a direct attack upon a default judgment, the recital in the judgment of due service of citation is not controlling. *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965).

 Petitioner claims that substituted service was not made in accordance with provisions of art. 2031b. We agree and will reverse the judgment.

A plaintiff who seeks to utilize any form of substituted service on a defendant must demonstrate strict compliance with the applicable statute. *Charles Cohen, Inc. v. Adams,* 516 S.W.2d 464 (Tex.Civ.App. 1974, no writ). He must: (1) *plead* facts that, if true, would require the defendant to answer; and (2) *prove* that the defendant was, in fact, served in the required manner. *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94 (Tex.1973).

The quoted portion of respondent's petition clearly shows that respondent did not plead facts entitling it to obtain substituted service on petitioner by serving the Secretary of State under sections 2 or 6 of art. 2031b. Neither did respondent plead facts entitling it to substituted service under section 3, since under section 3 respondent must have pleaded that petitioner did " . . . not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State . . . " *McKanna v. Edgar, supra.*

To obtain substituted service under section 1 of art. 2031b a plaintiff must plead, among other things, that the defendant is a *foreign* corporation. The quoted portion of respondent's petition shows that respondent failed to make that allegation. Respondent's pleading merely identified the location of petitioner's headquarters as Chicago, Illinois. It does not follow that the state in which a corporation has its headquarters is also the state of its incorporation. Strict compliance with the statute is required, *Whitney v. L & L Realty Corp., supra,* and no presumptions are made in support of service. *McKanna v. Edar, supra; Prine v. American Hydrocarbons, Inc.,* 519 S.W.2d 520 (Tex.Civ.App.1975, no writ).

Petitioner, having now appeared to attack the judgment, is presumed to have entered its appearance to the term of court at which the mandate shall be filed. Tex.R. Civ.P. 123. The judgment is reversed and the cause is remanded to the district court for trial.

Reversed and Remanded.