**PUBLIC STORAGE PROPERTIES, VII, LTD., Appellant,**

v.

**Robert RANKIN, dba Tennico, Appellee.**

**No. C14–83–537CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 5, 1984.

L. Rand Dennis, Wood, Campbell, Moody & Gibbs, Houston, for appellant.

Thomas Herter, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This appeal is by writ of error from a default judgment against appellant, Public Storage Properties VII, Ltd., in the principal amount of $67,223.29, plus interest and attorney's fees. On February 28, 1983, appellee Robert Rankin, d/b/a Tennico, filed his Original Petition for damages arising from an alleged breach of contract by appellant. Appellee obtained service of process by serving the Secretary of State.

Appellant did not respond to the Original Petition. A default judgment was rendered against it on April 21, 1983. On July 14, 1983, appellant filed its petition for writ of error seeking to have that default judgment set aside. We order the default judgment set aside and reverse and remand the case to the trial court.

In a single point of error appellant urges that the trial court lacked jurisdiction to render a default judgment because appellee's pleadings were insufficient to authorize assumption of personal jurisdiction over appellant by substituted service on the Secretary of State under TEX.REV.CIV. STAT.ANN. art. 2031b (Vernon 1964 & Supp.1984).

The pertinent portions of said statute are set out below:

Section 1. When any foreign corporation ... or non-resident natural person required by any Statute of this State to designate or maintain a resident agent, or any such corporation, ... or non-resident natural person subject to Section 3 of this Act, has not appointed or maintained a designated agent, upon whom service of process can be made ... such corporation ... or non-resident natural person shall be conclusively presumed to have designated the Secretary of State of Texas as their true and lawful attorney upon whom service of process or complaint may be made.

\*   \*   \*   \*   \*   \*

Sec. 3. Any foreign corporation ... or non-resident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation ... or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made....

Appellee's petition alleges, in pertinent part:

The defendant, PUBLIC STORAGE PROPERTIES VII, LTD., may be found for service of process herein by serving the Secretary of the State of Texas, as said Defendant has not maintained a Registered Agent for service of process, so under and by virtue of the laws of the State of Texas, the Secretary of State is the Registered Agent for service of process. The mailing address for the Defendant is 1905 Powers Ferry Road, Suite 100, Marietta, Georgia 30067.

■ Appellant presents four reasons why appellee's Original Petition was insufficient. Appellant argues the petition fails to (1) allege that appellant is a non-resident; (2) assert appellant is a corporation, an individual, or some other entity; (3) state appellant does not maintain a place of regular business; and (4) state the name and address of the home or home office of the appellant. Appellant argues these omissions were fatal to service on the Secretary of State under art. 2031b, and personal jurisdiction was never obtained. We agree with appellant's first three contentions. A plaintiff who seeks to utilize any form of substituted service on a defendant must demonstrate strict compliance with the applicable statute in that he must plead the facts which, if true, entitle him to substituted service under art. 2031b. *Alpha Guard, Inc. v. Callahan Chemical Co.,* 568 S.W.2d 448 (Tex.Civ.App.—Austin 1978, no writ).

■ Appellant initially argues appellee failed to plead appellant is a non-resident natural person. To obtain substituted service under section 1 of art. 2031b a plaintiff must plead, among other things, that the defendant is a *foreign corporation* or a *non-resident* natural person. *Alpha Guard, Id.* at 449. Appellee's petition pleads neither. Its pleadings merely allege a location in Georgia as the appellant's mailing address. No inferences of jurisdictional facts are made in a direct attack upon a default judgment. In this type of case jurisdiction must affirmatively appear on the face of the record. *See McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965). The case at bar is similar to *Alpha Guard, Inc. v. Callahan Chemical Co., supra,* where the court reversed and remanded a case in which the respondent's pleadings identified the petitioner as "a corporation headquartered in Chicago, Illinois, at P.O. Box 7482, and doing business in Texas." The *Alpha Guard* court reasoned,

To obtain substituted service ... a plaintiff must plead, among other things, that the defendant is a foreign corporation.... Respondent's pleading merely identified the location of petitioner's headquarters as Chicago, Illinois. It does not follow that the state in which a corporation has its headquarters is also the state of its incorporation.

*Id.* at 449. In the case at bar the allegation of appellant's mailing address in Georgia is not an allegation that appellant was a non-resident of Texas or a foreign corporation.

Appellant's second contention is that appellee's Original Petition fails to assert appellant is a corporation, an individual, or some other entity. Appellee argues that *Blumenthal v. Ameritex Computer Corp.*, 646 S.W.2d 283 (Tex.App.—Dallas 1983, no writ), controls. The *Blumenthal* court held that a petition not tracking the exact language of art. 2031b was still sufficient. However, in *Blumenthal,* the plaintiff's petition alleged that "defendant has conducted, transacted and/or done business in the State of Texas." The court found that even though the exact language of TEX. REV.CIV.STAT.ANN. art. 2031b had not been employed, the meaning of its language had been sufficiently conveyed.

In the instant case appellee's petition omitted any language at all that could be construed as alleging the petitioner was a foreign corporation doing business in Texas.

■ Appellant's third argument about the insufficiency of appellee's petition, that it fails to allege appellant does not maintain a place of regular business in this state, also has merit. While the petition alleges that the appellant "has not maintained a Registered Agent for service of process," there is no allegation that appellant "does not maintain a place of regular business in this State." This court, citing *McKanna v. Edgar, supra,* has held it is imperative that plaintiff's petition contain an allegation that the defendant "does not maintain a place of regular business in this State" as well as an allegation that there is no "designated agent upon whom service may be made" in order to make substituted service available under art. 2031b, § 2. An inference that appellant did not maintain a place of regular business in the state will not suffice. *Roberts Corporation v. Austin Company,* 487 S.W.2d 165 (Tex.Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

Appellant's fourth reason for contending appellee's petition was insufficient is that appellee failed to comply with Section 5 of art. 2031b which requires that the Secretary of State be furnished a "statement of the name and address of the home or home office of the nonresident." It does not mandate that such information be contained in the petition itself. We therefore disagree with appellant's fourth contention. However, we agree with appellant's first three reasons why appellee's petition is insufficient to bestow jurisdiction upon the trial court to render a default judgment.

■ In order to uphold a default judgment which is directly attacked by a writ of error, nothing essential by statute to the service of citation should be left to inference. *Gilbert v. State,* 623 S.W.2d 349 (Tex.Crim.App.1981). Unless the record affirmatively shows strict compliance, the default judgment will not withstand an attack based on a claim of invalid service. *Stylemark Construction, Inc. v. Spies,* 612 S.W.2d 654 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). In the instant case, appellee's Original Petition and the resulting citation failed to establish any basis for the assumption of in personam jurisdiction over appellant.

We therefore reverse the judgment of the trial court and remand the case to the trial court.