COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROLAND SCOTT ARNELL, | § | |
| | | No. 08-06-00283-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 301st Judicial District Court |
| | § | |
| MONIKA ELIZABETH ARNELL, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC# 05-19062-T) |
| | § | |

## **O P I N I O N**

In this restricted appeal, Roland Arnell challenges the trial court's entry of a default judgment in favor of his former wife Monika Arnell for alleged support arrearage. Because the record does not demonstrate strict compliance with the rules regarding service of process, we will reverse and remand for further proceedings.

This restricted appeal arises from a default judgment entered in a suit to register and enforce a foreign divorce decree and support orders. Mr. Arnell's former wife filed the suit in Dallas County on November 2, 2005, alleging that Mr. Arnell owed over $500,000 in unpaid child and spousal support. The divorce and support orders were entered in Switzerland, where the couple resided during the marriage.

The matter was heard in the 301st Judicial District Court in Dallas County on March 30, 2006. Mr. Arnell did not file an answer to his former wife's petition, and did not appear at the hearing. The only evidence introduced at the hearing was Ms. Arnell's affidavit, in which she states that Mr. Arnell owed a total of 680,550 Swiss Francs, according to the terms of the Swiss

orders.[1]  The affidavit concludes that based on the exchange rate in February 2006, the support

arrearage was equal to $520,280.48 US.  The trial court entered a judgment for that amount, plus

Ms. Arnell's attorney's fees, immediately following the hearing.

Mr. Arnell filed this restricted appeal on August 21, 2006, challenging the trial court's

jurisdiction by asserting that he was never provided service of process.  In two issues, he argues

that this restricted appeal is proper, and that the judgment must be reversed because the record

fails to establish he was served with process in strict compliance with the rules.

## DISCUSSION

A restricted appeal is a direct attack on a default judgment.  *Faggett v. Hargrove*, 921

S.W.2d 274, 276 (Tex.App.--Houston [1st Dist.] 1995, no writ).  The appellate court is limited to

determining whether errors are apparent on the face of the record.  *Fidelity & Guar. Ins. Co. v.*

*Drewery Const. Co., Inc.*, 186 S.W.3d 571, 573 (Tex. 2006).  The reviewing court may consider

the entire appellate record, including the court reporter's record.  *Norman Communications v.*

*Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).  To succeed on a restricted appeal, the

appellant must establish:  (1) a notice of restricted appeal filed within six months after the

judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that

resulted in the judgment complained of; and (4) error must be apparent on the face of the record.

*See* TEX.R.APP.P. 30; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985).

When a restricted appeal challenges a default judgment, as is the case here, the reviewing

court may not indulge any presumptions in favor of valid issuance, service, and return of citation.

---

[1] Although the appellate record does include copies of the Swiss legal documents
Ms. Arnell relies upon, they are of little assistance as they are written in French and we do not
have the benefit of an official translation.

*Primate Const. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Absent the defendant's voluntary appearance by the defendant, a record that fails to show strict compliance with the rules governing proper service requires us to set aside the default judgment. *See Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985). The trial court's jurisdiction over the defendant's person must be established in the record by an affirmative showing of service of citation, independent of any recitals in the default judgment. *Wright Bros. Energy, Inc. v. Krough*, 67 S.W.3d 271, 273 (Tex.App.--Houston [1st Dist.] 2001, no pet.).

The record in this case reflects that Mr. Arnell filed his notice of restricted appeal within six months of the judgment. It also indicates that he was a party in the underlying case, and did not participate in the proceedings which lead to the default. There is no indication that Mr. Arnell filed any post judgment motions, or a notice of appeal under TEX.R.APP.P. 26.1(a). Therefore, the only question remaining, is whether error is apparent on the face of the record.

The only evidence of notice in the record before us is a letter dated April 3, 2006, written by Mr. Arnell's second wife, returning a hearing notice sent to Mr. Arnell at his previous address in California. The letter indicates Mr. Arnell had returned to Switzerland, and stated that mail would not be accepted on his behalf at the California address.

Having reviewed the record, we conclude there is no affirmative showing that Ms. Arnell served Mr. Arnell with process as required by the Texas Rules of Civil Procedure. Because this constitutes error on the face of the record, we reverse the default judgment and remand the case. *See Uvalde Country Club*, 690 S.W.2d at 885. Issues One and Two are sustained.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

October 23, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.