COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-08-00151-CV |
| IN THE MATTER OF THE | § | |
| GUARDIANSHIP OF ESTEFANIA | | Appeal from the |
| MARTIN DEL CAMPO, A MINOR | § | |
| | | Probate Court No. 1 |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC# 95-G00074) |
| | § | |

## CORRECTED OPINION

Robert G. Neill, Jr. and Angelina Lugo challenge the probate court's entry of a final accounting in the underlying guardianship proceeding. Because the record does not demonstrate strict compliance with the rules regarding service of process, we will reverse and remand for further proceedings.

This restricted appeal arises from the guardianship established for Ms. Estefania Martin Del Campo. Appellants, Mr. Neill and Ms. Lugo were duly appointed as the guardian of the property and the guardian ad litem respectively. On the Final Account filed by the guardian of the estate, the probate court entered an order approving the final account for the guardianship on February 15, 2008. There is no record of Mr. Neill or Ms. Lugo's participation in the final account. The notice of restricted appeal was filed on April 14, 2008.

In a single issue, the Appellants argue the order of final accounting must be reversed and the case remanded to the probate court so that they may participate in closing the proceeding and file any fee applications that may be necessary.

A restricted appeal is a direct attack on a default judgment. *Arnell v. Arnell*, 281 S.W.3d 549, 551 (Tex.App.--El Paso 2008, no pet.). Our limited inquiry on appeal is whether errors are apparent on the face of the record. *Fidelity & Guar. Ins. Co. v. Brewery Const. Co., Inc.*, 186 S.W.3d 571, 573 (Tex. 2006). The entire record may be considered in making this determination. *Arnell*, 281 S.W.3d at 551. To succeed on a restricted appeal the appellant must establish: (1) a notice of restricted appeal was filed within six months of the date the judgment was signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of; and (4) error in the face of the record. *See* TEX.R.APP.P. 30; *Arnell*, 281 S.W.3d at 551.

The record in this case reflects that Mr. Neill and Ms. Lugo filed the notice of restricted appeal within six months of the judgment. It also indicates that Mr. Neill and Ms. Lugo were parties to the guardianship proceeding, and there is no indication they participated in the final accounting. There is no record that the ad litem filed any postjudgment motions, or a notice of appeal under TEX.R.APP.P. 26.1(a).

All that remains is to determine if there is error evident on the face of the record. Mr. Neill and Ms. Lugo contend that there is error as there is no evidence they were provided proper citation as required for a final account by the Probate Code. Section 751 of the Texas Probate Code governs the citation requirements for presentation of a final account in a guardianship. *See* TEX.PROB.CODE ANN. § 751(a)(Vernon 2003). The code requires, "[o]n the filing of an account for final settlement by a guardian of the estate of a ward, citation must contain a statement that the final account has been filed, the time and place when it will be considered by the court, and a statement requiring the person cited to appear and contest the final

account if the person determines it is proper. TEX.PROB.CODE ANN. § 751(a). Section 752 specifies that the probate court must determine, "that citation has been duly served on all persons interested in the estate . . .," before the court may proceed to examining the account itself. TEX.PROB.CODE ANN. § 752(a).

Having reviewed the record, we conclude there is no affirmative showing that Mr. Neill and Ms. Lugo were notified of the final account as required by the Texas Probate Code. Because this constitutes error on the face of the record, we sustain Appellants' sole issue. Accordingly the probate court's judgment of final account is reversed and we will remand the case for further proceedings consistent with this opinion. *See Arnell*, 281 S.W.3d at 552.

November 12, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.