COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







IN THE MATTER OF THE
GUARDIANSHIP OF ESTEFANIA
MARTIN DEL CAMPO, A MINOR

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-08-00151-CV

Appeal from the

Probate Court No. 1

of El Paso County, Texas 

(TC# 95-G00074) 





CORRECTED OPINION

            Robert G. Neill, Jr. and Angelina Lugo challenge the probate court’s entry of a final
accounting in the underlying guardianship proceeding. Because the record does not demonstrate
strict compliance with the rules regarding service of process, we will reverse and remand for
further proceedings.
            This restricted appeal arises from the guardianship established for Ms. Estefania Martin
Del Campo. Appellants, Mr. Neill and Ms. Lugo were duly appointed as the guardian of the
property and the guardian ad litem respectively. On the Final Account filed by the guardian of
the estate, the probate court entered an order approving the final account for the guardianship on
February 15, 2008. There is no record of Mr. Neill or Ms. Lugo’s participation in the final
account. The notice of restricted appeal was filed on April 14, 2008.
            In a single issue, the Appellants argue the order of final accounting must be reversed and
the case remanded to the probate court so that they may participate in closing the proceeding and
file any fee applications that may be necessary. 
            A restricted appeal is a direct attack on a default judgment. Arnell v. Arnell, 281 S.W.3d
549, 551 (Tex.App.--El Paso 2008, no pet.). Our limited inquiry on appeal is whether errors are
apparent on the face of the record. Fidelity & Guar. Ins. Co. v. Brewery Const. Co., Inc., 186
S.W.3d 571, 573 (Tex. 2006). The entire record may be considered in making this
determination. Arnell, 281 S.W.3d at 551. To succeed on a restricted appeal the appellant must
establish: (1) a notice of restricted appeal was filed within six months of the date the judgment
was signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted
in the judgment complained of; and (4) error in the face of the record. See Tex.R.App.P. 30;
Arnell, 281 S.W.3d at 551. 
            The record in this case reflects that Mr. Neill and Ms. Lugo filed the notice of restricted
appeal within six months of the judgment. It also indicates that Mr. Neill and Ms. Lugo were
parties to the guardianship proceeding, and there is no indication they participated in the final
accounting. There is no record that the ad litem filed any postjudgment motions, or a notice of
appeal under Tex.R.App.P. 26.1(a).
            All that remains is to determine if there is error evident on the face of the record. 
Mr. Neill and Ms. Lugo contend that there is error as there is no evidence they were provided
proper citation as required for a final account by the Probate Code. Section 751 of the Texas
Probate Code governs the citation requirements for presentation of a final account in a
guardianship. See Tex.Prob.Code Ann. § 751(a)(Vernon 2003). The code requires, “[o]n the
filing of an account for final settlement by a guardian of the estate of a ward, citation must
contain a statement that the final account has been filed, the time and place when it will be
considered by the court, and a statement requiring the person cited to appear and contest the final
account if the person determines it is proper. Tex.Prob.Code Ann. § 751(a). Section 752
specifies that the probate court must determine, “that citation has been duly served on all persons
interested in the estate . . .,” before the court may proceed to examining the account itself. 
Tex.Prob.Code Ann. § 752(a).
            Having reviewed the record, we conclude there is no affirmative showing that Mr. Neill
and Ms. Lugo were notified of the final account as required by the Texas Probate Code. Because
this constitutes error on the face of the record, we sustain Appellants’ sole issue. Accordingly the 
probate court’s judgment of final account is reversed and we will remand the case for further
proceedings consistent with this opinion. See Arnell, 281 S.W.3d at 552.


November 12, 2009
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.