

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00281-CV

INDUSTRIAL MODELS, INC.                                    APPELLANT

V.

SNF, INC. D/B/A BRAND FX BODY                            APPELLEE
COMPANY

----------

## FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 236-264887-13

----------

## MEMORANDUM OPINION[1]

----------

In six issues raised within this restricted appeal,[2] appellant Industrial Models, Inc. challenges the trial court's final default judgment and permanent injunction in favor of appellee SNF, Inc. d/b/a Brand FX Body Company.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. R. App. P. 30.

Appellant contends that the record shows an absence of personal jurisdiction or proper service, that appellee's pleading failed to adequately state claims for recovery, and that the trial court's injunction is procedurally defective. Because we conclude that the face of the record shows the absence of proper service on appellant, we reverse and remand.

**Background Facts**

On March 18, 2013, appellee filed an original petition against appellant, which is an Illinois corporation that maintains its principal place of business there. Appellee alleged that appellant had committed a tort in Texas and had therefore established minimum contacts with this state. Specifically, appellee pled that it manufactures unique fiberglass truck bodies; that appellant was attempting to sell product molds that would allow its customers to "wrongfully duplicate and infringe upon [appellee's] unique trade dress"; and that appellant had refused, upon appellee's request, to stop selling the molds. From those facts, appellee brought claims of trade dress infringement[3] and unfair competition. As relief, appellee requested only an injunction and costs.

Three days later in Illinois, Mark Schneider, a licensed private detective, served citation on Fred Haller, appellant's registered agent. In an affidavit, Schneider swore that he was "not a party" to the lawsuit.

---

[3]Appellee contended that appellant's acts would "caus[e] competitive injury to [appellee] in Texas and beyond."

2

Appellant did not file an answer. Thus, in late April 2013, appellee filed a motion for a default judgment.[4] On the same day, the trial court signed a default judgment in appellee's favor. The judgment stated that appellant had been legally cited and that the court had jurisdiction over the parties. In the judgment, the court ordered appellant to "desist and refrain, directly or indirectly, from infringing on [appellee's] trade dress." The court also commanded appellant "to desist and refrain, directly or indirectly, from offering to sale, selling, using, or otherwise disposing of the molds at issue."

According to a motion to compel discovery that appellee filed in July 2013, it sent appellant written postjudgment discovery requests in May 2013, but appellant did not answer them. The trial court set a hearing on appellee's motion to compel.

Before the date set for the hearing, appellant filed a verified special appearance, contending that the court lacked personal jurisdiction over it because it did not reside in Texas or have sufficient contacts here. Appellant alleged that its only contact with Texas was the filing of the special appearance and that appellee had insufficiently pled jurisdictional facts. Finally, appellant asserted that "exercise of jurisdiction . . . over [appellant] and its property would offend traditional notions of fair play and substantial justice, thereby depriving [appellant] of due process as guaranteed by the United States Constitution." To

---

[4]*See* Tex. R. Civ. P. 99(c), 239.

3

its special appearance, appellant attached an affidavit from Haller.  He stated that appellant is a family-owned, Illinois corporation; that it does not have customers, a business presence, bank accounts, mailing addresses, or telephone numbers in Texas; and that it has "no plans to transact business in Texas or with any Texas resident."  Appellee responded to the special appearance by contending that the trial court had lost plenary power to grant it.

The trial court did not expressly rule on the special appearance.  Before the date set for the hearing on appellee's motion to compel, appellant brought this restricted appeal, contending that for several reasons, the default judgment is erroneous on the face of the record.

### Scope of Review

The law abhors default judgments.  *Diagnostic Clinic of Longview, P.A. v. Neurometrix, Inc.*, 260 S.W.3d 201, 205 (Tex. App.—Texarkana 2008, no pet.) (citing *Titan Indem. Co. v. Old S. Ins. Grp., Inc.*, 221 S.W.3d 703, 708 (Tex. App.—San Antonio 2006, no pet.)).  In a restricted appeal, an appellant may directly attack such a judgment.  *See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *Arnell v. Arnell*, 281 S.W.3d 549, 551 (Tex. App.—El Paso 2008, no pet.).

To prevail in a restricted appeal, an appellant must show that (1) a notice of appeal was filed within six months of the date the complained-of judgment was signed; (2) the appellant was a party to the suit but did not participate in the hearing that resulted in the judgment; (3) the appellant did not timely file a

4

postjudgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule of appellate procedure 26.1(a); and (4) the complained-of error is apparent from the face of the clerk's record or reporter's record. *See* Tex. R. App. P. 26.1(a), (c), 30; *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.); *Arnell*, 281 S.W.3d at 551; *see also Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g) (stating that the requirements for restricted appeals should be "liberally construed"). The fact of nonparticipation, not the reason for it, determines the right to bring a restricted appeal. *See Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996).

Appellee does not contest that appellant meets the first three requirements for a restricted appeal. It argues, however, that appellant cannot show error that is apparent on the face of the record.

### Insufficient Service of Process

In its second issue, appellant contends that the trial court erred by finding the existence of jurisdiction because the record shows improper service of process. In part, relying on two of our prior decisions, appellant argues that service was ineffective because the record does not affirmatively show that it was made by a disinterested person. We agree.

Appellee relies only on rule of civil procedure 108 to argue that it properly served appellant with process. That rule provides that when a defendant is not a

5

resident of this state, the form of notice "of the institution of the suit shall be the same as prescribed for citation to a resident defendant; *and such notice may be served by any disinterested person* who is not less than eighteen years of age, in the same manner as provided in Rule 106 hereof." Tex. R. Civ. P. 108 (emphasis added). Rule 106, which rule 108 incorporates, states that citation "shall be served by any person authorized by Rule 103." Tex. R. Civ. P. 106. Rule 103 states, in part, that "no person *who is a party to or interested in* the outcome of a suit may serve any process in that suit." Tex. R. Civ. P. 103 (emphasis added); *see also Furst v. Smith*, 176 S.W.3d 864, 869 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that rule 108 incorporates the standards of rule 106 while imposing additional requirements); *World Distribs., Inc. v. Knox*, 968 S.W.2d 474, 479 (Tex. App.—El Paso 1998, no pet.) (applying the standards of rules 103 and 106 while deciding an issue under rule 108).

For a default judgment to withstand direct attack, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *See Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (stating that the supreme court has insisted on strict compliance affirmatively appearing in the record for "well over a century"); *Greystar, LLC v. Adams*, 426 S.W.3d 861, 866 (Tex. App.—Dallas 2014, no pet.). If the record does not show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, then the attempted service of process is invalid, and the

6

judgment must be reversed. *Adams*, 426 S.W.3d at 866; *see Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("Failure to comply strictly with the Rules of Civil Procedure constitutes reversible error on the face of the record."); *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.) ("In a restricted appeal, defective service of process constitutes error apparent on the face of the record."); *Johnston v. Johnston*, 575 S.W.2d 610, 612 (Tex. Civ. App.—San Antonio 1978, no writ) ("Since the return of service in this case did not comply with the requirements of Rule 108, it was fatally defective and insufficient to support the default judgment . . . .").

When a default judgment is challenged by restricted appeal, there are no presumptions in favor of valid service. *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007); *see also Midstate Envtl. Servs., LP v. Peterson*, No. 10-13-00138-CV, 2014 WL 685567, at *1 (Tex. App.—Waco Feb. 20, 2014, no pet.) ("Virtually any deviation from the requisites of statutes and Rules of Civil Procedure for service of process will destroy a default judgment."). Even when a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service cannot stand unless the defendant otherwise enters a general appearance before the entry of the judgment. *Hubicki*, 226 S.W.3d at 408; *Dan Edge Motors, Inc. v. Scott*, 657 S.W.2d 822, 824 (Tex. App.—Texarkana 1983, no writ). As explained in *Hubicki*, we must "rigidly enforce" rules governing service when a default judgment is rendered because

the only ground supporting the judgment is that the defendant has failed to respond to the action in conformity with applicable procedure for doing so. If the defendant can then show that the person commencing the action was guilty of comparable nonconformity with procedural rules, under a principle of equality the derelictions offset each other and the merits of the controversy may be brought forward for consideration.

226 S.W.3d at 408 (citing *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990)).

Over fifty years ago, we resolved a case in which the plaintiff had taken a default judgment and the defendants appealed through a writ of error.[5] *Upham v. Boaz Well Serv., Inc.*, 357 S.W.2d 411, 412–13 (Tex. Civ. App.—Fort Worth 1962, no writ). One of the defendants was a nonresident, and the trial court had found the existence of jurisdiction over him. *Id.* at 418. We held that the trial court had erred by finding jurisdiction because the defendant had not been properly served under rule 108. *Id.* We explained,

> The state of [the defendant's] residence was California. In relation to the citation necessary in such cases it is proper to refer to . . . [rule] 108 . . . . Therefrom it appears mandatory that the return of the person making service upon such a defendant *show that he is in no manner interested in the cause in question*; . . . and such return must be sworn to. The return made on the citation purportedly served upon [the defendant] was fatally defective and insufficient to support default judgment as against him . . . . Jurisdiction over him was never acquired.

*Id.* (emphasis added).

---

[5]Appeals previously known as "writ of error" appeals are now known as restricted appeals. *Gonzalez v. Guilbot*, 315 S.W.3d 533, 537 n.12 (Tex. 2010), *cert. denied*, 131 S. Ct. 951 (2011). Legal principles that once applied to writ of error appeals now apply to restricted appeals. *See Boyo v. Boyo*, 196 S.W.3d 409, 417 n.2 (Tex. App.—Beaumont 2006, no pet.).

8

Citing rule 108 and *Upham*, we again reversed a default judgment eleven years later in *Scucchi v. Woodruff*, 503 S.W.2d 356, 357–59 (Tex. Civ. App.—Fort Worth 1973, no writ). Scucchi was an out-of-state party to a lawsuit that sought name changes of his children; he lived in Oklahoma, undisputedly received citation there, and did not file an answer. *Id.* at 357–58. But the process server failed to swear in the return that he was a "disinterested person and that he was competent to make oath of the fact." *Id.* at 358.[6] We concluded that despite the defendant's actual notice of the suit, this omission was "fatally defective" and was "insufficient to put [the] defendant in court and . . . to support the default judgment that was rendered." *Id.* at 359–60. We explained, "[I]f a state statute or rule of court prescribes the method by which notice must be given . . . , then the method prescribed by the statute or rule for giving notice is generally held to be exclusive and the form prescribed must be followed with reasonable strictness." *Id.* at 360.

Following our lead, other courts have also reversed default judgments when contrary to rule 108, the record did not contain a sworn statement that the server of citation was disinterested in the suit. *See Harper v. Ivans*, No. 05-95-01694-CV, 1999 WL 800193, at *2 (Tex. App.—Dallas Oct. 8, 1999, no pet.) (not designated for publication) ("A return of service in which the process server does

---

[6]Rule 108 no longer contains an express requirement for a return of service to be sworn to, but rule 107, which rule 108 incorporates, contains the requirement when citation is served by someone other than a sheriff, constable, or court clerk. *See* Tex. R. Civ. P. 107(e), 108.

9

not swear that he is a disinterested person is fatally defective and, therefore, insufficient to support a default judgment. . . .  [T]his defect alone is sufficient to require reversal of the trial court's judgment . . . ."); *Chesney v. Buddrus*, No. 01-87-00925-CV, 1988 WL 34838, at *1 (Tex. App.—Houston [1st Dist.] Apr. 14, 1988, no writ) (not designated for publication) (reversing a judgment because the person serving the citation "failed to swear . . . that he was disinterested in the suit").

The record contains an affidavit of service from Schneider, a licensed private detective in Illinois.  The affidavit states that Schneider served the citation (and appellee's petition) on appellant by delivering it to Haller.  The penultimate sentence in the affidavit's body states, "I . . . swear that I am an adult over the age of 18 years, *and I am not a party to the above[-]entitled action.*"  [Emphasis added.]  The affidavit fails to state that Schneider is disinterested in the suit between the parties.

Appellee recognizes this fact but contends that Schneider's stating that he was "not a party" instead of stating that he was "disinterested" is a "distinction without a difference."  We cannot agree.[7]  Rule of civil procedure 103 requires both to be true and distinguishes between them.  *See* Tex. R. Civ. P. 103 ("But no person who is a party to *or* interested in the outcome of a suit may serve any process in that suit . . . ." (emphasis added)); *see also State v. Bristol Hotel Asset*

---

[7]Appellee does not cite or attempt to distinguish our decisions *Upham* and *Scucchi*.

10

*Co.*, 65 S.W.3d 638, 641 (Tex. 2001) ("[Citation] can be served by anyone over eighteen whom the court has authorized to do so, as long as the person is not a party *and* has no interest in the suit's outcome." (emphasis added)). The terms "party" and "interest" are not coextensive. *See, e.g.*, *Rogers v. Stover*, No. 06-05-00065-CV, 2006 WL 859305, at *2 (Tex. App.—Texarkana Apr. 5, 2006, no pet.) (mem. op.) (holding that an attorney, although not a party, may be interested in the outcome of a case and therefore unable to properly serve citation); *Gen. Prods. Co., Inc. v. Black Coral Invs.*, 715 S.W.2d 121, 123 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("An interested [person] is one who would be benefited in some manner by the outcome of a suit in favor of one side or the other."); *Hall v. Hall*, 352 S.W.2d 765, 768 (Tex. Civ. App.—Houston 1962, no writ) (holding that a witness had a "substantial interest" in a lawsuit although he was not a party). The distinction in the terms is particularly relevant when, as in this case, the named parties are business entities, and individuals, such as owners (through stock or otherwise) or employees of those entities, may be interested in the suit although they are not named parties.

Appellee correctly argues that the strict compliance with procedural rules that we demand when reviewing service in default judgment cases does not require "obeisance to the minutest detail." *See LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 866 (Tex. App.—Fort Worth 2013, no pet.); *Cotton Patch Cafe v. McCarty*, No. 02-05-00082-CV, 2006 WL 563307, at *6 (Tex. App.—Fort Worth Mar. 9, 2006, no pet.) (mem. op.). But the cases justifying slight deviations from

11

procedural rules under this rationale mostly concern misnomer, misspelling, mistaken capitalization, or similar errors;[8] they do not, comparably to this case, concern a complete absence of information required by the rules.  *See, e.g.*, *Westcliffe, Inc. v. Bear Creek Constr., Ltd.*, 105 S.W.3d 286, 290–91 (Tex. App.—Dallas 2003, no pet.); *Color Smart, Inc. v. Little*, No. 04-00-00294-CV, 2001 WL 1230526, at *2 (Tex. App.—San Antonio Oct. 17, 2001, no pet.) (not designated for publication) ("Spelling errors too minor to raise any doubt that the correct person was served are insufficient to invalidate service."); *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 612–13 (Tex. App.—Corpus Christi 1996, writ denied) (holding that omission of an accent mark and the substitution of "@" for "at" did not invalidate service); *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ) (op. on reh'g) (concluding that service was not ineffective when the citation referred to the "petition" as a "complaint").  Moreover, we cannot conclude that the absence of swearing of disinterest by the person serving the citation is a minute detail, considering that we have twice reversed default judgments based on that defect. *See Scucchi*, 503 S.W.2d at 359–60; *Upham*, 357 S.W.2d at 418.  Appellee has not directed us to any case in which a court affirmed a default judgment against a nonresident defendant despite the lack of proof that the person who served the citation was disinterested in the suit.

---

[8]Each of the cases cited by appellee concern such errors.

12

Finally, although appellee contends that appellant's argument "elevates form over substance to an untenable degree," precision with regard to the form and method of serving citation, as prescribed by the rules of civil procedure, is precisely what Texas authority requires in supporting a default judgment. *See, e.g.*, *Hubicki*, 226 S.W.3d at 408 (stating that courts must "rigidly enforce rules governing service when a default judgment is rendered"); *Deutsche Bank Trust Co., N.A. v. Hall*, 400 S.W.3d 668, 669–70 (Tex. App.—Texarkana 2013, pet. denied).

We recognize that based on combined facts that Schneider is not a party to the suit and is a licensed private detective, the trial court could have rationally presumed that he is not interested in the suit. Nonetheless, precedent precludes us from crediting such a presumption in favor of valid service when deciding a restricted appeal. *Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012); *LEJ Dev. Corp.*, 407 S.W.3d at 866; *see also Pub. Storage Props., VII, Ltd. v. Rankin*, 678 S.W.2d 590, 593 (Tex. App.—Houston [14th Dist.] 1984, no writ) ("In order to uphold a default judgment which is directly attacked . . . , nothing essential . . . to the service of citation should be left to inference.").

For all of these reasons, relying on the precedent cited above, we conclude that the default judgment is erroneous because the record does not affirmatively show compliance with rule 108's requirement for citation to be served by a "disinterested person." *See* Tex. R. Civ. P. 108; *Lejeune*, 297 S.W.3d at 255; *Scucchi*, 503 S.W.2d at 359–60. We sustain appellant's second

13

issue, which requires us to reverse the trial court's judgment and remand this case for further proceedings.  *See Hubicki*, 226 S.W.3d at 408; *Adams*, 426 S.W.3d at 868; *Smith v. Philley*, No. 02-12-00478-CV, 2014 WL 345631, at *2 (Tex. App.—Fort Worth Jan. 30, 2014, no pet.) (mem. op.).  We do not reach appellant's remaining arguments concerning service of process in its second issue.

## Other Issues

In issues one and three through six, appellant contends that the trial court erred by finding that it had personal jurisdiction over appellant, that appellee failed to properly plead a claim for trade dress infringement or unfair competition, and that the form of the trial court's injunction violated rule of civil procedure 683.[9]  In its prayer, appellant asks us to reverse the default judgment and to remand with instructions to dismiss the case with prejudice.  Thus, we must determine whether appellant's remaining issues, if meritorious, are sufficient to justify this relief.

Appellee's original petition is concise; its body spans only four pages in the clerk's record.  In the petition, appellee bluntly alleged that appellant had committed a tort in Texas, therefore establishing minimum contacts with this

---

[9]*See* Tex. R. Civ. P. 683 (requiring an injunction order to contain reasons for the injunction, be specific in terms, and describe the acts restrained "in reasonable detail and not by reference to the complaint or other document").  Because our sustaining of appellant's second issue requires us to reverse the trial court's default judgment containing the injunction, appellant's argument concerning the form of the injunction appears to be moot.

state. Appellee also pled that despite ongoing communications between the parties, appellant was attempting to sell product molds that wrongfully duplicated appellee's unique trade dress. With respect to its trade dress infringement claim, appellee alleged,

> Brand FX owns Texas common law trade dress rights in connection with its truck bodies. Defendant is wrongfully attempting to sell molds that would enable a person or company to unlawfully infringe upon Brand FX's unique trade dress, thereby causing competitive injury to Brand FX in Texas and beyond. Defendant's conduct constitutes infringement of Brand FX's common law trade dress rights.

Appellee incorporated the same allegations to support its unfair competition claim.

All of the allegations in appellee's pleading, jurisdictional in nature or otherwise, remained uncontested through the rendering of the trial court's judgment and the expiration of the court's plenary power to change the judgment.[10] During this time, appellee had no knowledge of alleged deficiencies in the pleading. Appellant filed its special appearance on a date when the trial court did not have authority to vacate its judgment by granting it. *See* Tex. R. Civ. P. 120a; *Clements v. Barnes*, 834 S.W.2d 45, 46 n.2 (Tex. 1992); *Reiff v. Roy*, 115 S.W.3d 700, 704 (Tex. App.—Dallas 2003, pet. denied) ("[W]hile the trial court has plenary power, it may address a special appearance."). And although appellant contended in the special appearance that appellee had failed

___

[10]*See* Tex. R. Civ. P. 329b(d); *Wright v. Pino*, 163 S.W.3d 259, 263 (Tex. App.—Fort Worth 2005, no pet.).

15

to allege sufficient jurisdictional facts, appellant did not at any time expressly contend to the trial court, as appellant argues on appeal, that appellee had pled insufficient facts to state valid causes of action.[11]

Because appellant filed its special appearance when the trial court's plenary power had expired, appellee lost opportunities to meet the special appearance's complaints by including additional jurisdictional facts in a response, amending its petition, or developing the record through discovery and the presentation of evidence.[12]  *See* Tex. R. Civ. P. 120a(3) (explaining that a trial court shall determine a special appearance "on the basis of the pleadings, . . . the results of discovery processes, and any oral testimony"); *see also* Tex. R. Civ. P. 63; *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 659 (Tex. 2010) ("When the pleading is wholly devoid of jurisdictional facts, the plaintiff should amend the pleading to include the necessary factual allegations . . . ."); *Accelerated Wealth, LLC v. Lead Generation & Mktg., LLC*, No. 04-12-00647-CV, 2013 WL 1148923, at *2 (Tex. App.—San Antonio Mar. 20, 2013, no pet.) (mem.

---

[11]Such an argument may be properly raised in a trial court by a special exception.  *See* Tex. R. Civ. P. 91; *Gatten v. McCarley*, 391 S.W.3d 669, 673 (Tex. App.—Dallas 2013, no pet.) ("The purpose of a special exception is to compel clarification of pleadings when the pleadings are not sufficiently specific or fail to plead a cause of action.  Generally, when the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleadings." (citation omitted)).

[12]Furthermore, appellant recognizes that the "face of the record" in this restricted appeal, from which appellant must demonstrate error, includes the papers on file "*at the time the default judgment was entered*." [Emphasis added.] *See In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.).

16

op.) ("The trial court may properly consider additional allegations contained in a response to a special appearance."); *Said v. Maria Invs., Inc.*, No. 01-08-00962-CV, 2010 WL 457463, at *4 (Tex. App.—Houston [1st Dist.] Feb. 11, 2010, pet. denied) (mem. op. on reh'g) (explaining that rule 120a "recognizes that the party opposing a special appearance has the right to present its own evidence to counter the proponent's evidence and to object to the proponent's special appearance evidence"). Similarly, because appellant raised its complaints about the sufficiency of appellee's pleading of causes of action for the first time upon bringing this appeal, appellee has not had an opportunity to respond by amending its pleadings. *See Tex. Dep't of Corr. v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974) ("[O]nly after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action."); *Gatten*, 391 S.W.3d at 673.

When we find error committed in the trial court and the record has not been fully developed, we have broad discretion, in the interest of justice, to remand for further proceedings rather than rendering judgment. *See* Tex. R. App. P. 43.3(b); *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (holding that because proceedings related to default judgments are "abbreviated and perfunctory," an appellate court may not render an adverse judgment even when the evidence is legally sufficient to support such a judgment); *U.S. Fire Ins. Co. v. Carter*, 473 S.W.2d 2, 3 (Tex. 1971); *Pena v. Smith*, 321 S.W.3d 755, 759 (Tex. App.—Fort Worth 2010, no pet.) ("As long as

17

there is a probability that a case has for any reason not been fully developed, an appellate court has the discretion to remand rather than render a decision."); *Bayway Servs., Inc. v. Ameri-Build Constr., L.C.*, 106 S.W.3d 156, 161 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that evidence was legally insufficient to support a judgment, recognizing that legal insufficiency typically requires rendition, and nonetheless remanding in the interest of justice because the record was not fully developed).

For the reasons described above, we conclude that even if we were to sustain appellant's first and third through sixth issues, the record is too undeveloped to warrant rendition of judgment in appellant's favor for those alleged errors. Any possible defects in appellee's pleading with regard to jurisdiction or the statement of appellee's causes of action may not be incurable; thus, we conclude that the trial court should have the first opportunity to consider appellant's complaints (along with appellee's responses). *See Westbrook v. Penley*, 231 S.W.3d 389, 395 (Tex. 2007) ("If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded an opportunity to replead.").

Therefore, without addressing the merits of appellant's first and third through sixth issues, we overrule them because under the circumstances, they warrant no greater relief than a remand for further proceedings, which already results from our sustaining of appellant's second issue. *See* Tex. R. App P. 43.3(b), 47.1 (stating that we must "hand down a written opinion that is as brief

18

as practicable but that addresses every issue raised and necessary to final disposition of the appeal"); *Pena*, 321 S.W.3d at 759.

## Conclusion

Having sustained appellant's second issue and having overruled appellant's first and third through sixth issues, we reverse the trial court's judgment and remand this case for further proceedings.[13]

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DELIVERED: July 24, 2014

---

[13]We lift our August 15, 2013 order staying proceedings in the trial court.