# NO. 12-21-00063-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 354TH* |
| *J.M.H. AND G.M.H.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brittany Bellot brings this restricted appeal of the trial court's default judgment rendered in a Suit Affecting the Parent-Child Relationship (SAPCR). In three issues, Bellot argues that error is apparent on the face of the record because the trial court's final orders (1) granted relief which was not supported by José Hermenegildo's pleadings, (2) lacked evidentiary support, and (3) granted relief prohibited by the Texas Family Code. We reverse and remand.

## BACKGROUND

Hermenegildo and Bellot have two children together but never were married. In the underlying SAPCR action, Hermenegildo sought an order granting a joint managing conservatorship, wherein he would be designated as the conservator with the exclusive right to designate the children's primary residence.

On September 23, 2020, Hermenegildo appeared at a hearing on the matter. Bellot did not answer and did not appear at the hearing. The trial court granted Hermenegildo's request for a no-answer default judgment and signed its "final orders" on October 26, 2020. Bellot brought this restricted appeal within six months of the date the trial court signed its final orders.

**RESTRICTED APPEAL - DEFAULT JUDGMENT**

In her second issue, Bellot argues that the trial court's final orders are void due to errors that are apparent from the face of the record because the orders, rendered by default, lacked evidentiary support.

**Standard of Review**

To prevail on her restricted appeal, Bellot must establish that (1) she filed notice of the restricted appeal within six months after the judgment was signed, (2) she was a party to the underlying lawsuit, (3) she did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record.  *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).  Review by restricted appeal affords the appellant a review of the entire case, just as in an ordinary appeal, with the only restriction being that any error must appear on the face of the record.  *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (citing *Norman Comm'cns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)); *Lewis v. Ramirez*, 49 S.W.3d 561, 564 (Tex. App.–Corpus Christi 2001, no pet.).  The face of the record for purposes of a restricted appeal consists of all the papers on file before the judgment as well as the reporter's record.  *Conseco Fin. Servicing Corp.*, 78 S.W.3d at 670; *Lewis*, 49 S.W.3d at 564.

Here, Bellot perfected this appeal within the jurisdictional time limits and was a party to the suit.  Furthermore, she did not participate in the hearing that resulted in the judgment of which she now complains.  And while she did file a "Motion to Set Aside Default Judgment," she filed this motion more than four months after the expiration of the trial court's plenary power.  Thus, having determined that Bellot met the first three jurisdictional elements of a restricted appeal, we must determine if there is error on the face of the record.

**Proof of Service of Process and Default Judgment**

As part of her second issue, Bellot contends that there is no proof admitted at trial or which otherwise exists in the record that Hermenegildo complied with mandatory service requirements so as to prove his entitlement to a default judgment.

Proper citation and return of service are crucial to establishing personal jurisdiction.  *See TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 318–19 (Tex. App.–Austin 2002, no pet.).

There are no presumptions in favor of a valid issuance, service, and return of citation in the face of an attack on a default judgment by restricted appeal. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Arnell v. Arnell*, 281 S.W.3d 549, 551 (Tex. App.–El Paso 2008, no pet.); *Renaissance Park v. Davila*, 27 S.W.3d 252, 255 (Tex. App.–Austin 2000, no pet.). For a default judgment to withstand direct attack, the record must show strict compliance with the Texas Rules of Civil Procedure governing citation and return of service, and a plaintiff defending a default judgment must show strict compliance with the procedural rules governing citation and return of service. *See Silver*, 884 S.W.2d at 152; *In re Z.J.W.*, 185 S.W.3d 905, 906–07 (Tex. App.–Tyler 2006, no pet.). Virtually any deviation will be sufficient to set aside the default judgment in a restricted appeal. *See In re Z.J.W.*, 185 S.W.3d at 907; *Becker v. Russell*, 765 S.W.2d 899, 901 (Tex. App.–Austin 1989, no writ).

"Every officer or authorized person shall endorse on all process and precepts coming to his hand the day and hour on which he received them, the manner in which he executed them, and the time and place the process was served and shall sign the returns officially." TEX. R. CIV. P. 16. Likewise, Texas Rule of Civil Procedure 105 requires that the officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it and shall execute and return the same without delay. *See* TEX. R. CIV. P. 105.

In the instant case, no exhibits were admitted at the hearing on this matter in support of the existence of proper citation and return of service, and neither Hermenegildo nor the trial court made any reference to their existence. Instead, the trial court only noted that before the hearing began, it verified that no answer had been filed by Bellot. Based on our review of the entirety of the record before us, there is no evidence of proper citation and return of service.[1] Therefore, because there is no affirmative showing that Hermenegildo served Bellot with process as required by the Texas Rules of Civil procedure, we hold that there is error on the face of the record. *See Arnell*, 281 S.W.3d at 552. Bellot's second issue is sustained in part.[2]

---

[1] Hermenegildo did not file a responsive brief in this restricted appeal, nor did he request that the clerk's record be supplemented to include any relevant items omitted therefrom. *See* TEX. R. APP. P. 34.5(c)(1).

[2] Because our resolution of this portion of Bellot's second issue is dispositive of her restricted appeal, we do not consider the remainder of her second issue or her first and third issues. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Bellot's second issue in part, we ***reverse*** the trial court's default judgment and ***remand*** the cause for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-21-00063-CV**

**IN THE INTEREST OF J.M.H. AND G.M.H., CHILDREN**

Appeal from the 354th District Court
of Rains County, Texas (Tr.Ct.No. 10901)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error on the face of the record in the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*